# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STANLEY J. LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:19-cv-1431 |
| | § | |
| U.S. BANK N.A., AS TRUSTEE FOR | § | |
| THE REGISTERED HOLDERS OF | § | |
| ASSET BACKED CERTIFICATES, | § | |
| SERIES 2005-HE4 | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant U.S. Bank N.A., as Trustee for the registered holders of Asset Backed Certificates, Series 2005-HE4 ("U.S. Bank") files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## BACKGROUND

On November 27, 2019, Stanley J. Lewis ("Plaintiff") filed an Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief against U.S. Bank in the 288th District Court of Bexar County, Texas (the "Action").[1] Plaintiff asserts claims for violations of 12 C.F.R. 1024.35(b)(9) and (10), 1024.35(e)(3)(i)(B), 1024.35(i)(2), and 1024.41(g), and seeks a temporary injunction enjoining U.S. Bank from foreclosing on the property located at 14702 Bending Point, San Antonio, Texas 78247 ("Property"). Plaintiff has not yet requested citation be issued for U.S. Bank.[2] As such, this

---

[1] *See* Plaintiff's Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief ("Pet."), Exhibit 2. All of the filings from the Action are attached hereto as Exhibits 1-4. The docket sheet for the Action appears at Exhibit 1.
[2] *See* Docket Sheet, Ex. 1.

removal is timely pursuant to 28 U.S.C. §1446(b).

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331.  Plaintiff asserts a right to recover damages under the Real Estate Settlement Procedures Act ("RESPA") pursuant to 12 U.S.C. § 2605(f) for alleged violations of 12 C.F.R. 1024.35(b)(9) and (10), 1024.35(e)(3)(i)(B), 1024.35(i)(2), and 1024.41(g).[3]  The Court has jurisdiction over these claims because they arise under the laws of the United States.  28 U.S.C. § 1331; *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

The Court should also exercise supplemental jurisdiction over the Plaintiff's state-law claims because federal-question jurisdiction under 28 U.S.C. § 1331 is proper and the state-law claims derive from a common nucleus of operative facts.  *See* 28 U.S.C. § 1367; *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332 and 1441 because:  (1) there is complete diversity between Plaintiff and U.S. Bank; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Complete Diversity Exists.**

There is complete diversity between Plaintiff and U.S. Bank.

**1.      Plaintiff is a Citizen of Texas.**

Plaintiff is an individual domiciled in Bexar County, Texas.[4]  Therefore, for diversity purposes, Plaintiff is a citizen of Texas.

**2.      U.S. Bank is a Citizen of Ohio.**

---

[3] *See generally* Pet.
[4] Pet. at p. 1.

U.S. Bank is a national banking association acting as a trustee of a trust. For diversity purposes, the citizenship of a trust is determined by the citizenship of the trustee. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464-466 (1980); *May Dep't Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002). U.S. Bank is a national banking association with its main office in Cincinnati, Ohio, as specified in its Articles of Association. For diversity purposes, a national banking association is a citizen of the state designated in its Articles of Association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Accordingly, U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction.

**B.     Amount in Controversy Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff, among other things, seeks injunctive relief to prevent U.S. Bank from foreclosing a lien secured against the Property and taking possession of the Property. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The Bexar County Appraisal

District has set the value of the Property for 2019 at $287,080.00.[5]  Accordingly, the amount in controversy for the relief sought by Plaintiff in this action exceeds $75,000 exclusive of interest and costs.

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending.  This Court embraces the 288th Judicial District Court of Bexar County, Texas, which is the state court in which this Action was filed and pending. 28 U.S.C. §§1391 and 1441(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state court file of the Action are being filed with this Notice of Removal.[6]  U.S. Bank is filing with the clerk of the state district court in which this Action is pending, and is serving upon Plaintiff, a Notice of Removal, together with Notice of Removal and supporting documentation, pursuant to 28 U.S.C. §1446(d).

## REMOVAL IS PROPER TO THIS COURT

U.S. Bank has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  This Notice of Removal is filed subject to and without waiver of all rights and defenses of U.S. Bank to Plaintiff's claims herein.

---

[5] *See* Bexar County Appraisal District Report, Exhibit 5.
[6] *See* Exhibits 1-4.

Dated: December 10, 2019 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/   Amelia H. Marquis*
　　　　　　　　　　　　　　　　　　　　**Adam Nunnallee**
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24057453
　　　　　　　　　　　　　　　　　　　　anunnallee@dykema.com
　　　　　　　　　　　　　　　　　　　　**Amelia H. Marquis**
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24097512
　　　　　　　　　　　　　　　　　　　　amarquis@dykema.com
　　　　　　　　　　　　　　　　　　　　**DYKEMA GOSSETT PLLC**
　　　　　　　　　　　　　　　　　　　　1717 Main Street, Suite 4200
　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75201
　　　　　　　　　　　　　　　　　　　　(214) 462-6453
　　　　　　　　　　　　　　　　　　　　(855) 256-1482 FAX

　　　　　　　　　　　　　　　　　　　　***Attorneys for U.S. Bank***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on December 10, 2019, in compliance with the Federal Rules of Civil Procedure.

                                                   */s/   Amelia H. Marquis*
                                                   Amelia H. Marquis